## Byron D. Snell v. E. Tosetti Brewing Co.

1. PRACTICE—*Pleas Denying the Delivery of a Written Instrument Should be Verified.*—As the delivery of an instrument is an essential part of its execution, and as without plea verified by affidavit evidence can not be introduced tending to disprove the execution of a written instrument, it is not error to sustain a demurrer to pleas which deny the delivery of such an instrument, or assert that the delivery was wrongful, but which are not verified by affidavit.

2. WRITTEN INSTRUMENTS—*Can Not be Varied by Parol Evidence at Law—When Equity May Interfere.*—If by reason of fraud, accident or mistake any of the material terms of a contract be omitted from a written instrument, equity may reform it, but the relief can be had in that forum alone, and a plea alleging that a written contract does not contain all the terms of the agreement actually made between the parties, does not set up a good defense at law to a suit on such contract.

**Debt,** on a penal bond. Appeal from the Circuit Court of La Salle County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

H. M. KELLY, attorney for appellant.

WILLIAM D. FULLERTON, attorney for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

This was an action of debt on a penal bond for $1,000 executed by appellant as surety for one Eugene Normandin, conditioned that the latter would pay for all beer he might purchase from appellee at $4.75 per barrel, and would return empty packages, and use with proper care a certain horse and wagon. The breaches assigned were, that said Normandin did not pay for all beer purchased by him of appellee at said rate, and did not return all empty packages delivered to him by appellee. To the declaration the defendant pleaded *non est factum,* unverified by affidavit, not damaged, set-off, payment, and numerous special pleas. Demurrer was sustained to all pleas except the first, second and third original pleas and the fifth additional plea, being the pleas

specifically named above, and upon these issues were formed and tried by jury, resulting in a verdict against appellant for $250 damages, of which the court required a remittitur of $8.67, and after overruling appellant's motion for a new trial gave judgment accordingly, from which he appeals to this court, assigning various errors upon the record. Much of the complaint of appellant's counsel relates to the ruling of the court by which the demurrer to the numerous special pleas was sustained.

The first, fourth, sixth and seventh additional special pleas relate to the delivery of the bond, and seek to deny that it was delivered, or, which is equivalent, to set up that it was wrongfully delivered by Normandin. None of these pleas being verified by affidavit, no evidence could have been introduced under them; therefore the sustaining of the demurrer by the court did the defendant no harm. The delivery of the instrument was an essential part of its execution, and without plea verified by affidavit evidence can not be introduced tending to disprove its execution. Hunt v. Weir, 29 Ill. 83; Bailey v. Valley Nat. Bank, 127 Ill. 340.

The second and third additional special pleas attempted to defend against the written contract, upon the averment that it does not contain all the terms of the contract actually made between the parties. This we think has never been held a good defense at law against the written contract. If by reason of fraud, accident or mistake any of the material terms of the contract were omitted from the written instrument, equity would reform it, but the remedy must be sought in that forum.

Much of the evidence offered by appellant on the trial, and which was excluded by the court, and of which complaint is made, was properly denied to the jury for the same reasons given for sustaining the court's action with reference to the special pleas.

Had appellant asked the trial court for leave to file an affidavit, verifying his pleas, during the trial, after these adverse rulings were made, no doubt is entertained it would have been granted, and the benefit of such defense obtained.

Not having done so, we find no error in the rulings of the court upon the pleas, or the admissibility of the evidence.

Complaint is made of the instructions given and refused and of excessive damages, but on examination we find no reversible error in those respects.

The judgment of the Circuit Court will be affirmed.

DIBELL, J., took no part.